IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ALEX PRELIPCEANU, individually and on behalf of similarly situated individuals,<br><br>    Plaintiff,<br><br>v.<br><br>JUMIO CORPORATION, a Delaware Corporation,<br><br>    Defendant. | Case No. _____ |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332(d), 1441(a), 1446, and 1453, Defendant Jumio Corporation ("Jumio") hereby gives notice of removal of this action from the Circuit Court of Cook County, Illinois to the United States District Court for the Northern District of Illinois.

### I.   THE STATE COURT ACTION

On December 21, 2018, Plaintiff Alex Prelipceanu ("Plaintiff") commenced this action in the Circuit Court of Cook County, titled *Alex Prelipceanu v. Jumio Corporation*, Case. No. 2018-CH-15833. Jumio was served with copies of the complaint and summons on December 28, 2018. *See* Ex. 1 (complaint); Ex. 2 (summons).

On December 27, 2018, Plaintiff also filed a Motion for Class Certification or, Alternatively, for a Deferred Class Certification Ruling Pending Discovery on December 26, 2018, which was subsequently served on Jumio. *See* Exs. 3-4. No other process, pleadings, or orders have been served upon Jumio in the Circuit Court of Cook County, however, Jumio's counsel has filed a notice of appearance, *see* Ex. 5, and Jumio has obtained an extension of time until March 29, 2019 to answer or otherwise plead by agreement, *see* Exs 6-8.

The Complaint alleges that Jumio "collected, captured, received, or otherwise obtained" the biometric identifiers of Plaintiff and the Class members "without valid consent and without complying with [the Illinois Biometric Information Privacy Act] through its biometric identity

143075961.2

and age authentication software." *See* Ex. 1 ¶¶ 43-44. Based on these and other allegations, Plaintiff asserts two claims: one for violation of the Illinois Biometric Information Privacy Act, 740 ILCS 14/1 ("BIPA"), and one for negligence. Ex. 1 ¶¶ 41-59.

Plaintiff seeks to represent a proposed class of "[a]ll individuals whose biometrics were captured, collected, stored, used, transmitted, or disseminated by Defendant Jumio within the state of Illinois any time within the applicable limitations period," *id.* ¶ 33, and alleges that "members of the Class [are] so numerous that joinder of all members is impractical," *id.* ¶ 35. Among other relief, Plaintiff seeks on behalf of himself and every class member: (1) declaratory relief, (2) injunctive and equitable relief, (3) statutory damages, (4) attorneys' fees and costs, and (5) pre- and post-judgement interest. *Id.* ¶ 59 & pp. 13-14.

## II. GROUNDS FOR REMOVAL

**A.  This action is removable under the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1332(d) and 1453.**

"[A]ny civil action brought in State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . ." 28 U.S.C. § 1441(a). This action is removable under Section 1441 because the District Courts of the United States have original jurisdiction over it pursuant to the Class Action Fairness Act of 2005 ("CAFA"). *See* 28 U.S.C. § 1332(d); *see also* 28 U.S.C. § 1453(b) (setting procedure for removing class actions).

CAFA gives federal courts original jurisdiction over putative class actions in which: (1) the aggregate number of members in the proposed class is 100 or more; (2) the amount in controversy "exceeds the sum or value of $5,000,000, exclusive of interests and costs"; and (3) the parties are minimally diverse, meaning, "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2), (d)(5)(B). For the following reasons, these requirements are met, and this matter is removable.

**1.  This is a putative class action in which the aggregate number of proposed class members is 100 or more.**

This action is a putative class action within the meaning of CAFA, which defines "class action" as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar

State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B).

Plaintiff moved for class certification pursuant to state law authorizing "[a]n action [to] be maintained as a class action . . . if (1) The class is so numerous that joinder of all members is impracticable[,] (2) There are questions of fact or law common to the class, which common questions predominate over any questions affecting only individual members[,] (3) The representative parties will fairly and adequately protect the interest of the class[, and] (4) The class action is an appropriate method for the fair and efficient adjudication of the controversy." 735 ILCS 5/2-801. These requirements are "patterned" after those of Federal Rule of Civil Procedure 23. *See Smith v. Illinois Cent. R.R. Co.*, 860 N.E.2d 332, 338 (Ill. 2006). It is thus a "similar State statute" under CAFA.

Moreover, Plaintiff purports to bring this action on behalf of "[a]ll individuals whose biometrics were captured, collected, stored, used, transmitted, or disseminated by Defendant Jumio within the state of Illinois any time within the applicable limitations period," Ex. 1 ¶ 33, and alleges that "[u]pon information and belief, there are thousands of members of the class," *id*. ¶ 35; *see also* Ex. 3 (moving to certify proposed class). The class as alleged thus consists of more than 100 members. Accordingly, this is a punitive class action in which the aggregate number of proposed class members is 100 or more.

### 2. The amount in controversy exceeds $5,000,000.

CAFA permits courts to aggregate the claims of the individual class members "to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interests and costs." 28 U.S.C. § 1332(d)(6). BIPA provides statutory damages of $1,000 for a negligent violation and $5,000 for an intentional or reckless violation, with damages calculated "for each violation." *See* 740 ILCS 14/20. Because Plaintiff alleges that Jumio committed intentional or reckless BIPA violations—each of which are subject to $5,000 in statutory damages—against "thousands" of class members, the amount in controversy in this case will easily exceed the threshold requirement. *See* Ex. 1 ¶ 35. Indeed, $5,000 multiplied by just one

thousand violations totals $5,000,000. *See, e.g.*, *Appert v. Morgan Stanley*, 673 F.3d 609, 617-18 (7th Cir. 2012) ("Morgan Stanley has provided a good-faith estimate that plausibly explains how the stakes exceed $5 million. That is sufficient."); *Bloomberg v. Service Corp. Int'l.*, 639 F.3d 761, 764 (7th Cir. 2011) ("Once the proponent of federal jurisdiction has explained plausibly how the stakes exceed $5,000,000 . . . the case belongs in federal court unless it is legally impossible for the plaintiff to recover that much."); *Spivey v. Vertrue*, 528 F.3d 982, 986 (7th Cir. 2008) (noting that for removal purposes under CAFA, defendant need only show that the recovery at the $5,000,000 jurisdictional threshold is not "legally impossible"). The amount in controversy is sufficient for removal purposes under CAFA.

### 3. The parties are minimally diverse.

The parties are minimally diverse because "any member of [the class] of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A).

Plaintiff is a resident and citizen of Illinois, *see* Ex. 1 ¶ 15, and Defendant is not. Jumio is incorporated under the laws of Delaware, *see* Ex. 1 ¶ 15, and its principal place of business is in Palo Alto, California, *see* Ex. 9 (identifying headquarters address on California Secretary of State website). It is therefore only a citizen of the states of Delaware and California for purposes of diversity jurisdiction, *see* U.S.C. §1332(c)(1) (stating that a corporation "shall be deemed to be a citizen of every [s]tate . . . by which it has been incorporated and . . . where it has its principal place of business"), in which case the parties are minimally diverse under CAFA.

### B. None of CAFA's exceptions bars removal in this case.

This action does not fall within the exclusions to removal jurisdiction described in 28 U.S.C. §§ 1332(d)(4), (d)(9), or 28 U.S.C. § 1453(d).

Section 1332(d)(4) provides that a district court shall not exercise CAFA jurisdiction over a class action in which, among other things: "greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed" *and* "at least 1 defendant is a defendant . . . who is a citizen of the State in which the action was originally filed" 28 U.S.C. § 1332(d)(4)(A); *see also* 28 U.S.C. § 1332(d)(4)(B)

(similarly excluding cases where "two thirds or more of" the class members *and* "the primary defendants, are citizens of the State in which the action was originally filed"). This exception does not apply here because the only defendant, Jumio, is a citizen of California and Delaware and is not a citizen of Illinois—the state where the action was filed. *See In re Hannaford Bros. Co. Customer Data Sec. Breach Litig.*, 564 F.3d 75, 80 (1st Cir. 2009) ("Suits involving a primary defendant who is not a citizen of the forum state cannot qualify for the [local controversy] exception.").

Sections 1332(d)(9) and 1453(d) exempt certain securities and corporate governance cases from CAFA's broad jurisdictional grant. *See* 28 U.S.C. § 1332(d)(9) (explaining that § 1332(d)(2) does not apply to cases arising under several sections of the Securities Act of 1933, several sections of the Securities Exchange Act of 1934, and certain state corporate governance laws); *id*. § 1453(d) (same). Those provisions do not bar jurisdiction here because Plaintiff's claims do not arise under the Securities Act of 1933 or the Securities Exchange Act of 1934, nor do they involve state-centric corporate governance issues. *See* Ex. 1 ¶¶ 41-59 (asserting claims for breach of BIPA and for common law negligence).

**C.** **Venue is Proper.**

The Northern District of Illinois, Eastern Division, is the proper venue and intra-district assignment for this action upon removal because this "district and division embrace" the Circuit Court of Cook County. *See* 28 U.S.C. § 1441(a).

**D.** **Jumio has satisfied all other requirements of the removal procedure.**

This Notice of Removal is timely filed. Jumio was served with a copy of the Complaint and Summons on December 28, 2018. *See* Exs. 1-2. Jumio filed and served this Notice of Removal within 30 days of service of the Complaint in compliance with 28 U.S.C. § 1446(b) and Fed. R. Civ. P. 6(a).

As required by 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and orders served upon Jumio, as well as those filed by Jumio on Plaintiff, are being filed herewith as **Exhibits 1-8**. No other pleadings have been filed to date in this matter in the Cook County Court.

Pursuant to 28 U.S.C. § 1446(d), Jumio will promptly serve on Plaintiff and file with the Cook County Court a "Notice to Adverse Party of Removal to Federal Court." Jumio will also include a certificate of service pursuant to Federal Rule of Civil Procedure 5(d).

### III.     RESERVATION OF RIGHTS AND DEFENSES

Jumio expressly reserves all of its defenses and rights, and none of the foregoing shall be construed as in any way conceding the truth of any of Plaintiff's allegations or waiving any of Jumio's defenses. *See Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 448 (7th Cir. 2005) ("The question is not what damages the plaintiff will recover, but what amount is 'in controversy' between the parties. That the plaintiff may fail in its proof, and the judgment be less than the threshold (indeed, a good chance that the plaintiff will fail and the judgment will be zero) does not prevent removal."); *see also Bryan v. Wal-Mart Stores, Inc.*, No. C 08-5221 SI, 2009 WL 440485, at *3 (N.D. Cal. Feb. 23, 2009) ("[D]efendants cannot be expected to try the case themselves for purposes of establishing jurisdiction, and then admit to the opposing party and to the Court that a certain number of wage and hour violations did indeed occur."); *Key v. DSW, Inc.*, 454 F. Supp. 2d 684, 691 (S.D. Ohio 2006) ("[T]he fact that Defendant removed the case does not mean that Defendant concedes that Plaintiff has adequately alleged appropriate damages.").

### IV.     CONCLUSION

Jumio respectfully requests that this Court exercise jurisdiction over this action and enter orders and grant relief as may be necessary to secure removal and to prevent further proceedings in this matter in the Circuit Court of Cook County, Illinois. Jumio further requests whatever other relief the Court deems appropriate.

Dated:  January 28, 2019  **PERKINS COIE LLP**

By: */s/* Debra R. Bernard
   Debra R. Bernard, Bar No. 39225
   DBernard@perkinscoie.com

   Attorney for Defendant
   Jumio Corporation.


Debra R. Bernard, Bar No. 39225
PERKINS COIE LLP
131 S. Dearborn Street, Suite 1700
Chicago, IL 60603
Telephone: (312) 324-8400
Facsimile: (312) 324-9400
DBernard@perkinscoie.com

Susan D. Fahringer (*Pro Hac Vice* application forthcoming)
SFahringer@perkinscoie.com
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Telephone: (206) 359-8000
Facsimile: (206) 359-9000

Nicola C. Menaldo (*Pro Hac Vice* application forthcoming)
NMenaldo@perkinscoie.com
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Telephone: (206) 359-8000
Facsimile: (206) 359-9000

## CERTIFICATE OF SERVICE

I hereby certify that, on January 28, 2019, a copy of the foregoing Notice of Removal was served via U.S. Mail by placing the same, proper postage prepaid, in a properly addressed envelope in the postal box at 131 S. Dearborn St., Chicago, Illinois, before the hour of 5:00 p.m.:

Myles McGuire
David L. Gerbie
Jad Shekali
MCGUIRE LAW, P.C. (Firm ID: 56618)
55 W. Wacker Drive, 9th Fl.
Chicago, IL 60601
Telephone: (312) 893-7002
Facsimile: (312) 275-7895
mmcguire@mcgpc.com
dgerbie@mcgpc.com
jsheikali@mcgpc.com

                                                                 /s/ Debra R. Bernard

.

143075961.2