### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| ALEX PRELIPCEANU, individually and on behalf of similarly situated individuals,<br><br>        Plaintiff,<br><br>   v.<br><br>JUMIO CORPORATION, a Delaware Corporation,<br><br>        Defendant. | Case No. 1:19-cv-00561<br><br>Honorable Robert W. Gettleman |

## JUMIO CORPORATION'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Defendant Jumio Corporation ("Jumio"), through its counsel, hereby submits this Motion to Dismiss Plaintiff's Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and in support, states as follows:

1.      Plaintiff's Complaint is a putative class action bringing claims for alleged violations of the Illinois Biometric Information Privacy Act ("BIPA"), 740 ILCS 14 *et. seq.*, and for negligence in connection with his purchase of age-restricted products from an online retailer that used Jumio's "Netverify" software to confirm his age and identity.

2.      Jumio moves to dismiss this Complaint for several reasons, as more fully set forth in Jumio's Memorandum of Law in Support of Its Motion to Dismiss Plaintiff's Complaint.

3.      First, Plaintiff has not established that BIPA applies. BIPA does not have extraterritorial effect and can impose liability based only on conduct occurring within Illinois. Conduct is deemed to occur within Illinois when the circumstances related to a given transaction "occurred primarily and substantially" within Illinois. *Avery v. State Farm Mut. Auto. Ins. Co.*, 835 N.E.2d 801, 853 (Ill. 2005). Plaintiff has not alleged facts showing that the conduct at issue occurred primarily and substantially in Illinois, so his BIPA claims require dismissal.

4.      Second, the Complaint has not adequately stated a claim for a violation of BIPA under the pleading standards in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). In particular, Plaintiff has failed to include sufficient factual allegations to support his contention that Jumio violated subsections 14/15(b) and (d) of BIPA, which regulate the collection and dissemination of biometric data, because Plaintiff's allegations do not "put [Jumio] on notice of what exactly [it] might have done," *Brooks*, 578 F.3d at 582, or provide it with "a place to begin investigating his allegations," *Trujillo*, 2017 WL 2958240, at *1.

5.      Third, the Complaint fails to state a BIPA claim against Jumio under Section 14/15 (d) of BIPA for the additional reason that any putative disclosure of Plaintiff's biometric data was, according to the Complaint, made to "complete[] a financial transaction requested or authorized by the subject" and thus was permitted under BIPA section 15(d)(2).

6.      Fourth, the Complaint fails to state a claim against Jumio under Section 14/15(a) of BIPA because Jumio's judicially-noticeable Privacy Policy is both publicly available and establishes the required retention schedule and deletion guidelines.

7.      Finally, Plaintiff's negligence claim fails because it is duplicative of his BIPA claim, because there are no alleged facts to support the existence of any duty owed by Jumio to Plaintiff, and because it fails to adequately allege that Plaintiff incurred any cognizable damages proximately caused by Jumio's alleged conduct.

WHEREFORE, Defendant Jumio respectfully requests that this Court dismiss Plaintiff's Complaint and for such other and further relief the Court deems necessary in the interest of justice.

-2-

-3-

Dated: March 29, 2019                              **JUMIO CORPORATION**


By:  */s/* Susan D. Fahringer
     Susan D. Fahringer
     One of its Attorneys

     Susan D. Fahringer (*Pro Hac Vice)*
     SFahringer@perkinscoie.com
     Nicola C. Menaldo (*Pro Hac Vice*)
     NMenaldo@perkinscoie.com
     PERKINS COIE LLP
     1201 Third Avenue, Suite 4900
     Seattle, WA  98101-3099
     Telephone: (206) 359-8000
     Facsimile:  (206) 359-9000

     Debra R. Bernard (ARDC No. 39225)
     DBernard@perkinscoie.com
     PERKINS COIE LLP
     131 S. Dearborn Street, Suite 1700
     Chicago, IL 60603
     Telephone: (312) 324-8400
     Facsimile:  (312) 324-9400

**CERTIFICATE OF SERVICE**

I hereby certify that, on March 29, 2019, a copy of the foregoing JUMIO

CORPORATION'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT was served via the

Court's ECF filing system to the following attorneys of record:

Myles McGuire
David L. Gerbie
Jad Shekali
MCGUIRE LAW, P.C. (Firm ID: 56618)
55 W. Wacker Drive, 9th Fl.
Chicago, IL 60601
Telephone: (312) 893-7002
Facsimile: (312) 275-7895
mmcguire@mcgpc.com
dgerbie@mcgpc.com
jsheikali@mcgpc.com


/s/ Susan D. Fahringer